

**ROBERT A. GORDON**
**U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **IN RE:** | * |
| | * |
| | * |
| **Linda Cox Cooper** | *  **Case No.:  08-14459-rag** |
| **Debtor** | * |
| | *  **Chapter 13** |
| | * |
| | * |
| **U.S. Bank,  NA** | * |
| **Movant** | * |
| | * |
| | * |
| **v.** | * |
| | * |
| **Linda Cox Cooper** | * |
| **Respondent** | * |
| | **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** |

## CONSENT ORDER FOR RELIEF FROM STAY AS TO DEBTOR
## AS TO PROPERTY KNOWN AS 3711 ELMORA AVENUE, BALTIMORE, MD

This cause came before the Court on the Motion for Relief From Stay filed by the Movant, and the parties having reached an agreement by their attorneys, it is therefore

ORDERED:

That the automatic stay of 11 USC 362(a) is hereby terminated so as to permit the Movant to pursue applicable state remedies as to the real property known as 3711 Elmora Avenue, Baltimore, MD.

IT IS FURTHER ORDERED that the Movant shall forbear from exercising any rights to foreclose under applicable law as to the subject real property provided that the Debtor performs under the Note and security instrument and complies with the following terms and conditions of this Order:

1

1.  That the Debtor(s), Linda M. Cox, will resume regular monthly payments in the amount of $513.25 beginning March 1, 2009 under the Deed of Trust dated July 14, 1986 and recorded among the Land Records of Baltimore City in Liber No. 0970, folio 080, from Linda M. Cox to Jeffrey C. Selby, Trustee(s), on the property known as No. 3711 Elmora Avenue in Baltimore, Maryland, the first payment to be received no later than  March 1, 2009, and each subsequent payment to be due on the 1st of the month and to be received no later than the 15th of each month thereafter.   The amount of the payment is subject to change in accordance with the Note and the Deed of Trust.

2.  That the Debtor will make an additional monthly payment of $658.78 toward the arrearages until the balance of the post petition arrearages is paid.  The first such payment is to be received on or before February 15, 2009, and all subsequent payments to be received on or before the 15th of each month thereafter through July 15, 2009.  The post petition arrearages of $3,952.68 consist of:

| | |
|---|---|
| 6 payments @ $513.25 (9/08 – 2/09) | $3,079.50 |
| 6 late charges @ $20.53 | 123.18 |
| Fees and costs | 750.00 |
| Total | $3,952.68 |

3.  All payments shall be made directly to U.S. Bank, NA, at 4801 Frederica Street, Owensboro, Kentucky 42301, Attn:  Bankruptcy Department.

4.  Debtor's tendering of a check which is subsequently returned unpaid shall not constitute a "payment" as that term is used in Paragraphs 1 and 2 of this Order.

5.  That if the Debtor(s) fail(s) to make any payment as scheduled, Movant, U.S. Bank, NA, its successors and/or assigns, or Movant's attorney will mail a Notice of Default to Debtor(s), with a copy to Debtor's attorney, that the Debtor(s) will have 10 days to cure the default.  The stay shall terminate without further order at the end of the tenth day following the filing of the Notice of Default under this order, unless a protest of the Notice is filed within that time.   This protest must allege either that the payments have been made and not applied or that Debtor was not in default when the Notice of Default was filed.   If a timely protest is filed, the stay shall continue in effect until the protest is adjudicated.  In the event Movant has properly issued two prior notices, Movant shall file an Affidavit of Default and

Debtor(s) will not have a right to cure.    If an Affidavit of Default is filed, the stay is lifted 10 days after

filing unless the Debtor files a timely protest disputing the default.    In the event a partial payment is

accepted by the Lender during the cure period, acceptance of said payment shall not constitute a

satisfaction or waiver of the Notice of Default or of the Affidavit of Default.    In the event Movant files a

Notice or Affidavit of Default, it will be entitled to an attorney fee of $50.00.

     6.    That in the event  the case is converted or dismissed or Debtor is discharged, Movant's agreement

to forebear is terminated.

     7.    The ten day stay of the relief from stay pursuant to Rule 4001 (a)(3) is hereby waived.


Consented to by:


  /s/ Antonio Aquia
Antonio Aquia
Attorney for Debtor


  /s/ Mark S. Devan
MARK S. DEVAN
Attorney for Movant


     I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the Court are
identical to those set forth in the original consent order; and the signatures represented by the
/s/_____ on this copy reference the signatures of consenting parties on the original consent order.

/s/  Mark S. Devan
Mark S. Devan


cc:

Mark S. Devan, Esquire
Covahey, Boozer, Devan & Dore, P.A.
606 Baltimore Avenue, Suite 302
Towson, MD 21204
bankruptcy@mdmtglaw.com

Antonio Aquia, Esquire
220 North Liberty Street
Baltimore, MD  21201
aaquia@bwhlaw.com

Ellen W. Cosby, Trustee
P.O. Box 20016
Baltimore, MD 21284-0016
ecf@ch13balt.com


Linda Cox Cooper
4048 The Alameda
Baltimore, MD  21218


**End of Order**